# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENELLE GRAY,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:10-1871 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **B.A. BLEDSOE,** | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION[1]

On September 7, 2010, the petitioner, an inmate at the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he challenges his conviction imposed in 2005 in the Northern District of Ohio for use of a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1). The petitioner contends that pursuant to Bailey v. United States, 516 U.S. 137 (1995), he is actually innocent of the §924(c)(1) charge[2]/[3]. (Doc. No. 1).

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]On October 6, 2010, this court issued an administrative order with a Notice of Election pursuant to the directives of United States v. Miller, 197 F.3d 644 (3d Cir. 1999). (Doc. No. 4). In that order, the court inadvertently named the Southern District of New York as the place of the petitioner's conviction. By correspondence dated October 12, 2010, the petitioner indicated his place of conviction as the Northern District of Ohio. (Doc. No. 5). He further indicated that he is not challenging his conviction in the Northern District of Ohio, but is claiming actual innocense pursuant to Bailey, supra.
(continued...)

According to documents filed in the Northern District of Ohio, on March 22, 2005, a federal grand jury in Cleveland, Ohio, returned a three-count indictment against the petitioner in Case No. 1:05-CR-0143. The indictment charged the petitioner in Counts One and Two with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841, and in Count Three with using a firearm in a drug trafficking crime, in violation of 18 U.S.C. §924(c). On June 6, 2005, the petitioner entered a guilty plea to all counts of the indictment. On September 2, 2005, he was sentenced to 84 months incarceration on Counts One and Two, and a consecutive sentence of five years on Count Three.

On September 9, 2005, the petitioner filed a notice of appeal from the judgment which was entered on September 8, 2005. On October 18, 2005,

---

[2](...continued)
Despite the petitioner's characterization, by order dated October 29, 2010, the court noted that a claim by the petitioner that he is actually innocent of the crime for which he has been convicted is a challenge to his conviction. (Doc. No. 7). As such, the court directed the petitioner to complete and return the Notice of Election form issued with the Miller order on or before November 30, 2010. The petitioner was advised that his failure to complete and return the Notice of Election in a timely manner would result in the court ruling on the instant action as filed. As of the date of this report, the petitioner has failed to return the Notice of Election.

[3]The court notes that the instant action is one of four habeas petitions filed by the petitioner in the Middle District. See Gray v. United States, Civil Action No. 1:09-1212 (Kane, C.J.)(dismissed for lack of jurisdiction by order dated February 18, 2010); Gray v. Bledsoe, Civil Action No. 1:10-1932 (Kane, C.J.)(withdrawn by the petitioner as duplicative); Gray v. Bledsoe, Civil Action No. 1:10-2194 (Kane, C.J.)(currently awaiting filing of Notice of Election).

court appointed counsel then filed a notice of appeal. By order dated January 23, 2006, the Sixth Circuit dismissed the petitioner's *pro se* appeal filed on September 9, 2005, as duplicative. On October 20, 2006, the Sixth Circuit issued an order dismissing the remaining counseled appeal pursuant to a motion for voluntary dismissal.

On July 24, 2009, more than two years after his conviction became final and some fourteen years after the Bailey decision, the petitioner filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence in the Northern District of Ohio. See Gray v. United States, United States District Court, Northern District of Ohio, Civil Action No. 1:09-1713, (Doc. No. 1). In his motion, the petitioner set forth the following grounds for relief: (1) the court's violation of Federal Rule of Criminal Procedure II; (2) violation of [the petitioner's] Fifth Amendment right against self incrimination; (3) the federal government's lack of exclusive territorial and subject matter jurisdiction; and (4) ineffective assistance of counsel. Id. The action was dismissed by memorandum and order dated September 16, 2009, as being barred by the applicable one-year statute of limitations, with a judgment being entered the same day. Id., (Doc. Nos. 7 & 8).

Almost one year after the dismissal of his §2255 motion in the Northern District of Ohio, the petitioner filed the instant action challenging his conviction on the §924(c)(1) charge arguing that he is actually innocent pursuant to Bailey, supra. Except under limited circumstances, in order to collaterally

attack a criminal conviction or sentence, a petitioner must proceed by motion made pursuant to §2255. To appropriately bring a §2241 petition in lieu of a §2255 motion, a petitioner must establish that he satisfies the safety-valve language of §2255, (i.e. that the remedy of a §2255 motion is inadequate or ineffective to test the legality of his detention). Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010). A motion under §2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication on his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165(3d Cir. 1971) (quoting Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). To be sure, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

The Third Circuit has recently found that where a petitioner could have asserted his Bailey challenge to a §924(c) conviction in his §2255 motion in the sentencing court, which was filed fifteen months after the Bailey decision was issued, dismissal of the petitioner's subsequent §2241 petition raising the

4

challenge was proper. Davis v. Sneizek, 390 Fed.Appx. 59, 60 (3d Cir. 2010)[4]. In that case, the Third Circuit noted that the petitioner had not made any claim that he was unable to raise the legal and factual substance of his Bailey argument in the §2255 proceeding, and he was not prevented by the AEDPA's strict gatekeeping requirements from pursuing the claim at that time. The court found, therefore, that the petitioner was not in the "unusual position" of having "had no earlier opportunity to challenge his conviction" in light of Bailey. Id. (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

      The same reasoning set forth above supports dismissal of the instant §2241 petition. The petitioner has failed to make any showing that he was unable to raise his Bailey argument in his §2255 motion or that he was prevented from pursuing the claim at that time. As discussed above, the fact that the petitioner's motion was ultimately dismissed as untimely does not render §2255 inadequate or ineffective to test the legality of the petitioner's conviction.

      Citing to In re: Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), the petitioner argues that §2241 is the proper avenue to raise his Bailey claim because §2255 would be inadequate or ineffective "because the new rule is not one of Constitutional law." In In re: Jones, the Fourth Circuit concluded that §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at

---

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law. Id. at 333-34. Applying the holding to the case before it, the court concluded that Jones was entitled to file a petition pursuant to §2241 because he was convicted of four counts of violating §924(c)(1) based on the discovery of four firearms in a locked closet. Under the settled law of the Fourth Circuit at the time of Jones' conviction, the evidence was sufficient to support a conclusion that Jones "used" the guns during and in relation to a drug trafficking offense. However, under Bailey, mere possession of firearms during and in relation to a drug trafficking offense does not constitute "use" within the meaning of §924(c)(1); thus, Jones was incarcerated for conduct that was not criminal. Finally, the Fourth Circuit noted that Bailey was decided after Jones' direct appeal and after the decision on his first §2255 motion. The instant action is clearly distinguishable from In re: Jones, as well as the cases relied upon therein, in that Bailey was decided some ten years before the petitioner's conviction, some twelve years before his conviction ultimately became final, and some fourteen years before the petitioner filed his §2255 motion in the Northern District of Ohio. Despite this, prior to the instant filing, the petitioner failed to

make any challenge to his §924(c)(1) conviction based upon Bailey.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: February 3, 2011**

O:\shared\REPORTS\2010 Reports\10-1871-01.wpd